```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION


United States of America,     :

        Plaintiff,            :

     v.                       :    Case No. 2:10-mj-465-TPK

Toray K. Wright,              :

        Defendant.            :
```

ORDER

The above defendant appeared before the Court on August 3, 2010 for a detention hearing.  The Court ordered him detained without bond.  This order explains that decision.

The defendant has been charged in a complaint with conspiracy to possess with the intent to distribute in excess of 500 kilograms of marijuana.  He waived his preliminary hearing, thereby establishing probable cause with respect to the charge against him.  The government's request for detention was evaluated under the following standard.

Legal Standard Applicable.  The United States' request for detention is based primarily upon the presumption that arises under 18 U.S.C. §3142(e) for persons charged with serious drug offenses, certain firearms offenses, and certain offenses involving minor victims.  That statute states, in pertinent part, that:

> Subject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed an

> offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (2l U.S.C. 801 et seq)...[or] an offense under section 924(c)...of this title... or an offense involving a minor victim [under selected statutes]."

Under 18 U.S.C. §3142(f), if detention is based upon facts supporting a finding that no condition or combination of conditions will reasonably assure the safety of any other person and the community, such facts must be proved by clear and convincing evidence.  However, if detention is based upon a finding that no condition or combination of conditions will reasonably assure the appearance of the person as required, proof by a preponderance of the evidence is sufficient.

The proper effect to be given to this rebuttable presumption is discussed in <u>United States v. Jessup</u>, 757 F.2d 378 (1st Cir. 1985).  There, the Court indicated that the presumption shifts the burden of producing evidence to the defendants, and also remains in the case even after the defendants have satisfied their production burden.  Further, in a narcotics case, because the history of the statute indicates that Congress had in mind a specific set of circumstances relating to drug offenses which led to the adoption of the rebuttable presumption, it is appropriate for a Court addressing the issue of detention to determine how closely the facts of the case before the Court parallel those of the "Congressional paradigm," or profile of those drug offenders who present the most serious risk of flight or danger to the community.  That paradigm, in brief, indicates a Congressional awareness of the lucrative nature of drug trafficking, and the fact that many persons engaged in that occupation have substantial ties outside the United States.  Consequently, even if a high

monetary bond is set for such persons, they are able, through the use of proceeds derived from drug trafficking, to post such bond, and are also able to flee the country because of their contacts elsewhere.

In order to attempt to rebut the presumption of detention arising from charges under the Controlled Substances Act or other applicable statutes, the defendant need not attempt to prove that he or she did not commit the crime as charged.  Rather, that burden can be met by introducing evidence of other appropriate factors as described in 18 U.S.C. §3142(g), including personal history and characteristics relating to character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance in court proceedings.  If any such evidence is introduced, the presumption cannot be used by the Court as conclusive evidence that the defendant poses an unacceptable risk to the community or that conditions will not reasonably assure the defendant's appearance.  <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986).  However, that presumption still remains in the case to be given whatever weight the Court deems appropriate.

Neither party presented any evidence at the hearing. According to the pretrial services report, defendant is fairly new to the Columbus area, having lived the majority of his life in New York.  He has family ties to New York, including his mother, two siblings, and a son.  He is unemployed and has not had steady work for at least the past two years.  He has spent time in prison in Ohio, having been convicted of a drug offense in Franklin County in 2005, a weapons offense in Franklin County in 2007, and a drug offense in Clark County in 2008, and having been sentenced to one-year jail terms on each of the drug offenses.  He also acquired his weapons conviction following a

drug felony conviction, and the second drug conviction while on community control for the weapons offense.  If released, he could stay with his girlfriend, who is expecting a child, under electronic monitoring.

The presumption against release in this case is fairly strong given the fact that defendant was apprehended by law enforcement officers unloading the marijuana in question, and the fact that he is facing a mandatory minimum five-year jail term, which could be subject to enhancement based on his prior drug trafficking convictions.  Other factors such as ties to the community, employment history, criminal history, and prior adjustment to supervision all favor detention as well.  In short, defendant has offered little or nothing to rebut the presumption that he should be detained pending trial, and the Court is required, under these circumstances, to give effect to that presumption.  Thus, the defendant was detained pending trial.

The defendant is advised of his right to seek review of this detention order pursuant to 18 U.S.C. §3145(b).

/s/ Terence P. Kemp
United States Magistrate Judge